IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CATHY RAY, and<br>DEBBIE GONZALEZ<br><br>　　Plaintiffs,<br><br>v.<br><br>PATE'S CHAPEL BAPTIST<br>CHURCH AND CEMETERY,<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　CASE NO. 2:18-cv-828-MHT-GMB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to a United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 3. Plaintiffs Cathy Ray and Debbie Gonzalez assert claims styled as negligence and intent to defraud, outrage, and civil rights and civil rights infringement against Defendant Pate's Chapel Baptist Church and Cemetery ("Pate's Chapel"). Doc. 5. Pending before the court is Defendant's Motion to Dismiss. Doc. 6. After careful consideration of the parties' submissions, the applicable law, and the record as a whole, the undersigned Magistrate Judge RECOMMENDS that the Motion to Dismiss (Doc. 6) be GRANTED in part and DENIED in part. The Magistrate Judge also RECOMMENDS that the pending Motion for Leave to Proceed *in forma pauperis* (Doc. 2) be GRANTED.

### I. JURISDICTION AND VENUE

The court has subject matter jurisdiction over the claims in this lawsuit pursuant to

28 U.S.C. § 1332.  The parties do not contest personal jurisdiction or that venue is proper in the Middle District of Alabama.  The court finds adequate allegations to support both.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Pate's Chapel Baptist Church operates and maintains Pate's Chapel Cemetery in Chilton County, Alabama. Doc. 5 at 1.  Ray, Gonzalez, and Theresa Zipler are sisters and the daughters of John Cecil Ray, who is buried in Pate's Chapel Cemetery. Doc. 6-1 at 3.[1]  Both Ray and Gonzalez live in Florida. Doc. 5 at 1.

In July 2014, Ray called the head of the committee responsible for oversight of Pate's Chapel, Howard Smith, and talked with him about placing a marker on her father's grave. Doc. 5 at 2.  Smith told Ray that her father was not buried in Pate's Cemetery. Doc. 5 at 2.  Ray assured Smith that, in fact, her father had been buried in the cemetery, next to his mother, Margaret Ray. Doc. 5 at 2.  Smith told Ray that a plot map of the cemetery did not list her father as having been buried there, nor did the map indicate that there was room for a grave next to Margaret Ray. Doc. 5 at 2.  Despite the plot map, Smith did suggest that a grave could be located next to Margaret Ray because he knew that the ground had been disturbed in that area. Doc. 5 at 2–3.  Smith also told Ray that she had his permission to place a marker on the gravesite that she believed to be her father's final resting place. Doc. 5 at 3.

On November 20, 2014, Ray, Gonzalez, and their sister Theresa Zipler filed a

---

[1] "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

complaint against Pate's Chapel in the Circuit Court of Chilton County, Alabama. Doc. 6-1.  They alleged a negligence and/or wantonness claim, an outrage claim, and a breach of contract claim. Doc. 6-1.  The facts supporting these claims principally related to the July 2014 conversation between Ray and Smith described above. *See* Doc. 6-1 at 4–6.  While the case was ongoing, on January 31, 2015, some of the plaintiffs' family members, Mary Alice Ray and her two daughters, placed a marker on what they believed to be Plaintiffs' father's gravesite without the sisters' permission. Doc. 5 at 4.  Pate's Chapel knew they planned to place the marker, and allowed Mary Alice and her daughters to place it on the wrong gravesite. Doc. 5 at 4.  Pate's never told Plaintiffs about the marker or asked for their permission to place the marker. Doc. 5 at 4.

In October 2017, Pate's Chapel filed a Motion for Summary Judgment in state court in response to the sisters' claims. Doc. 1-6.  On November 29, 2017, the Chilton County Circuit Court held a hearing on the Motion for Summary Judgment, and granted the motion as to all of the sisters' claims. Doc. 1-6.  The sisters appealed the case to the Alabama Court of Civil Appeals, who transferred the case to the Alabama Supreme Court on June 15, 2018 for lack of jurisdiction. Doc. 5 at 7.  The Supreme Court transferred the case back to the Court of Civil Appeals pursuant to Alabama Code § 12-2-7(6). Docs. 5 at 7 & 6-4 at 2.  The Court of Civil Appeals ultimately affirmed the grant of summary judgment (Doc. 6-4), and issued a Certificate of Judgment on August 1, 2018. Case No. CV-14-900237, Chilton County Circuit Court, Doc. 134.  The sisters did not take any further action in state court.

Instead, on September 24, 2018, Ray and Gonzalez filed the instant action in this

3

court. They allege that Pate's Chapel was negligent and intended to defraud them, exhibited outrageous conduct, and violated their civil rights. Doc. 5. They ask for damages including that the gravesite marker placed by their family members be removed, compensatory damages, punitive damages, attorney's fees, and a new trial. Doc. 5.

### III. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

In addition to the pleading requirements of *Twombly* and *Iqbal*, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Yet any leniency cannot serve as a substitute for pleading a proper cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action") (internal quotation marks omitted).  "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## IV.  DISCUSSION

"The doctrine of res judicata prohibits the relitigation of all matter which was or could have been litigated in the prior action." *Families v. U.S. Dep't of Army*, 380 F. Supp. 2d 1233, 1259 (N.D. Ala. 2005) (internal quotation and citation omitted).  "When we are asked to give *res judicata* effect to a state court judgment, we must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006) (internal quotation and citation omitted).  Under Alabama law, the essential elements of *res judicata* are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both cases. *Id.* at 1308–09 (internal quotation and citation omitted).  "If all four elements are met, any claim that was, or could have been, adjudicated in the prior action is barred

5

from future litigation." *Id.* at 1309.  In Alabama, therefore, *res judicata* applies when the same evidence substantially supports both actions. *Id.*

In this case, the complaint's inartful pleading complicates the court's consideration of the *res judicata* doctrine.[2]  Specifically, the Amended Complaint does not clearly indicate whether Plaintiffs intend to bring claims relating to the July 2014 conversation with Smith or whether Plaintiffs merely include these factual allegations as background for their claims relating to Pate's Chapel's role in the placement of the gravesite headstone in January 2015.  As a result, the court analyzes both set of potential claims independently, concluding that all of the elements of *res judicata* are satisfied as to the sisters' claims stemming from Smith's conversation with Ray in July 2014, but are not satisfied for any claims arising from the placement of the headstone on January 31, 2015.

The court's analysis of the first three elements is the same for either set of claims. A summary judgment decision is a prior judgment on the merits for purposes of Alabama's *res judicata* doctrine, *Duke v. Nationstar Mortgage, L.L.C.*, 893 F. Supp. 2d 1238, 1246 (N.D. Ala 2012), and any argument against summary judgment should have been addressed in an appeal from the state court's entry of summary judgment. *Ex parte Jefferson Cnty.*, 656 So. 2d 382, 385 (Ala. 1995).  Thus, when the Alabama Supreme Court transferred the state-court appeal to the Alabama Court of Civil Appeals and that court affirmed the Chilton County Circuit Court's grant of summary judgment, the first prong of *res judicata*

---

[2] This commentary is not intended as a slight.  Inartful pleading is an expected byproduct of *pro se* representation, and Plaintiffs' amended complaint is more skillfully drafted than most *pro se* pleadings this court receives.  The court nevertheless intends to order re-pleader to address certain deficiencies in the event the District Court adopts this recommendation and refers the matter back to the Magistrate Judge.

was met.

The second prong also is satisfied because the Circuit Court of Chilton County is a court of competent jurisdiction. *See Duke*, 893 F. Supp. 2d at 1246 ("The Circuit Court of Shelby County was indisputably a court of competent jurisdiction."); *see also Greer-El v. Ala. Dep't of Corr.*, 2018 WL 3639859, at *5 (M.D. Ala. July 6, 2018) ("Pursuant to Ala. Code § 12-11-30(1), circuit courts in Alabama 'shall have exclusive original jurisdiction of all civil actions in which the matter in controversy exceeds ten thousand dollars.'"). Third, the element requiring substantial identity of the parties generally means that the parties must be identical. *Duke*, 893 F. Supp. 2d at 1246. Again, that prong is satisfied here. Cathy Ray and Debbie Gonzalez were both plaintiffs in the state-court action, and Pate's Chapel was the defendant. Doc. 6-1. But the fourth prong is where the court's application of the *res judicata* doctrine to Plaintiffs' sets of potential claims diverges.

**A.     The Conversation**

To the extent Plaintiffs seek to bring claims in this suit arising from the substance of the July 2014 conversation between Smith and Ray, this is the same cause of action that they presented in Chilton County Circuit Court. "In comparing causes of action, courts inquire whether the primary right and duty or wrong are the same in each action." *Burr & Forman v. Blair*, 470 F.3d 1019, 1030 (11th Cir. 2006). *Res judicata* applies not only to those claims actually raised in state court, but also encompasses all claims that could have been raised from the same nucleus of operative facts. *Id.* Both this federal case and the former state case arise from many of the same facts. *See Greer-El*, 2018 WL 3639859, at *5. As in state court, some of Plaintiffs' factual allegations relate to Smith's representation

7

to Ray that her father was not buried in the cemetery. Doc. 5 at 2. And both the federal complaint and state complaint allege that Smith told Ray that there was no room for a grave next to her grandmother. Doc. 5 at 2; Doc. 6-1 at 4. To the extent Plaintiffs' federal action stems from these wrongs, *res judicata* bars Plaintiffs from asserting these claims. *See Manning v. City of Auburn*, 953 F.2d 1355, 1359 (11th Cir. 1992) (holding that *res judicata* applies to all "claims arising out of the same 'nucleus of operative fact'") (citing *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir 1990) (finding the same causes of action where the wrong in both suits involved flying a Confederate flag over the Alabama state capitol)); *Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir. 1984) (holding that *res judicata* barred the second suit because both cases raised First Amendment challenges to the use of certain textbooks in schools); *Mack v. Ala. Dep't of Youth Servs.*, 106 F. Supp. 2d. 1256, 1260 (concluding that *res judicata* barred second suit asserting federal claims, even though the state case only alleged state-law claims, because both cases arose from the same adverse employment action); *Kizzire*, 441 F.3d at 1309 (holding that *res judicata* barred second suit because claims in both cases related to unreasonable charges assessed to the plaintiffs for emergency medical care). Because the same evidence that supported the state action supports any federal claims regarding the July 2014 conversation, the fourth prong of the test is met. Accordingly, Ray and Gonzalez are estopped from reasserting any claims in federal court to the extent they arise from Smith's conversation with Ray in July 2014.

**B.     The Headstone**

However, *res judicata* does not apply to any claims arising from Pate's Chapel's role in the placement of a gravesite marker on January 31, 2015. In Alabama, the principal

test for determining whether *res judicata* applies is whether the primary wrong is the same in each action. *Old Republic Ins. Co. v. Lanier*, 790 So. 2d 922, 928 (Ala. 2000) (internal citations and quotations omitted). "The scope of litigation is framed by the complaint at the time it is filed." *Manning*, 953. F.2d at 1360 (internal citation omitted). "*Res judicata* is no defense where, between the first and second suits, there has been a modification of significant facts creating new legal conditions." *Id.* at 1359 (internal citation and quotation marks omitted). And *res judicata* does not preclude claims that could have been brought in an earlier proceeding, but were not, where those claims arose after the original pleading filed in the earlier litigation. *Id.* at 1360. To permit otherwise would require that "every claim arising prior to entry of a final decree [] be brought into the pending litigation or lost." *Id.*

Here, the operative facts are different from those of the state court case and did not occur until after the original complaint was filed in Plaintiffs' state case. The Chilton County case was initiated on November 20, 2014. Doc. 6-1. More than two months later, on January 31, 2015, Mary Alice Ray placed the new headstone in Pate's Cemetery. Doc. 5 at 4. Accordingly, *res judicata* does not bar Plaintiffs from asserting claims arising from the January 31, 2015 conduct, as that conduct occurred after the original pleading was filed in the earlier litigation and was not the basis for any of the claims in that suit. *Manning*, 953 F.2d at 1360; *see also Kilgoar v. Colbert Cnty. Bd. of Educ.*, 578 F.2d 1033 (5th Cir. 1978) (holding that *res judiciata* did not preclude second suit where teachers' claims were based on conduct occurring after the prior litigation commenced). Any claims stemming from this alleged wrong are not precluded from the instant action because the state-court

claims did not involve the same alleged wrong or conduct. *See Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1253 (11th Cir. 20019) (finding that *res judicata* applies where claims arise out of the same operative facts or the same evidence is applicable in both actions). Consequently, Ray and Gonzalez are not estopped from asserting any claims in federal court that arise from the placement of the headstone in January 2015.

## V. CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that Defendants' Motion to Dismiss (Doc. 6) be GRANTED as to all claims arising from the July 2014 conversation between Smith and Ray, and that the Motion to Dismiss be DENIED as to all claims arising from the placement of the gravesite marker in January 2015. Consistent with this recommendation, it is further RECOMMENDED that the Motion for Leave to Proceed *in forma pauperis* (Doc. 2) be GRANTED. The Magistrate Judge additionally RECOMMENDS that the case be referred back to the undersigned for further proceedings, as appropriate.

The parties are additionally DIRECTED to file any objections to the report and recommendation **no later than May 17, 2019**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo*

determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 3rd day of May, 2019.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE