IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
CATHY RAY and                )
DEBBIE GONZALEZ,             )
                             )
     Plaintiffs,             )
                             )       CIVIL ACTION NO.
     v.                      )         2:18cv828-MHT
                             )             (WO)
PATE'S CHAPEL BAPTIST        )
CHURCH AND CEMETERY, et      )
al.,                         )
                             )
     Defendants.             )
```

ORDER

This case was remanded to this court for "the limited purpose of determining the citizenship of the parties to establish whether diversity jurisdiction existed, given that the plaintiffs alleged only the state residences of the individual parties." Limited Remand Order (Doc. 109).

Federal courts are authorized to handle only those types of cases that are within their limited subject-matter jurisdiction. To bring a case under the court's diversity jurisdiction, a plaintiff must include

facts in the complaint showing that each plaintiff is a citizen of a State different from that of each defendant. *See* 28 U.S.C. § 1332; *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (per curiam).[1]

An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). In the context of determining whether a federal district court has diversity jurisdiction, the word "citizenship" has a special meaning. It generally refers not to whether the person is a citizen of a particular country, but instead to whether the person is 'domiciled' in a particular State. "Citizenship is equivalent to 'domicile' for purposes of

---

     1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

diversity jurisdiction[,] ... [a]nd domicile requires both residence in a state and 'an intention to remain there indefinitely....'" *Id.* (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." *Id.* "That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case." *Id.*

Here, as to the individual parties, the plaintiffs' complaint does not sufficiently establish diversity jurisdiction because it provides the States where the two plaintiffs, Cathy Ray and Debbie Gonzalez, and the three individual defendants, Mary Alice Ray, Cindy P. Underwood, and Patty Porter Pretus, "reside," not where

3

they are "citizens."[2]  To be sure, the court has allowed plaintiffs to cure a jurisdictional failure to allege citizenship by amending their complaint.  *See, e.g.*, *Stallings v. Melvin*, No. 2:20CV780-MHT, 2020 WL 7775171 (M.D. Ala. Dec. 30, 2020); *CM Vantage Specialty Ins. Co. v. Mayflower Invs., LLC*, No. 2:20CV614-MHT, 2020 WL 7775172 (M.D. Ala. Dec. 30, 2020).  However, here, the pleading process has ended, and it would be inefficient to reopen that process and allow the parties to go through it again (with the plaintiffs to file an amended complaint, the defendants to file answers or motions,

---

2. In remanding the case, the Eleventh Circuit expressed concern about the citizenship of only the individual parties, not defendant Pate's Chapel Baptist Church and Cemetery, which, according to the complaint, is "an Alabama corporation operating in Chilton County, Alabama." Revised First Amended Complaint (Doc. 34) at 2.  The court notes that defendant Pates Chapel did not challenge the sufficiency of this jurisdictional allegation in its motion to dismiss, where it challenged the sufficiency of the allegations as to the other parties.  *See* Amended Motion to Dismiss (Doc. 43) at 11-12.

etc.), especially when a more direct and efficient process, described below, is available.

The court also notes that defendant Pates Chapel Baptist Church and Cemetery previously filed a motion to dismiss raising this issue. *See* Motion to Dismiss (Doc. 39) at 11-12; Amended Motion to Dismiss (Doc. 43) at 11-12. In response, the plaintiffs stated that they and the individual defendants were citizens of the States where they reside. *See* Response to Amended Motion to Dismiss (Doc. 54) at 5. However, an 'argument' in a brief is not comparable to sworn evidence, or to a factual assertion in a complaint (that is admitted by the other side), and is not sufficient to establish jurisdiction. The Eleventh Circuit has made clear that: "[A] sentence in an unsworn brief is not evidence. ... [W]e have never held that an unsworn statement in a brief, alone, can demonstrate a party's citizenship for purposes of establishing diversity jurisdiction." *Travaglio*, 735

5

F.3d at 1269.  In short, "Statements... in briefs are not evidence."  *Id*. (citation and quotation marks omitted).

Here, therefore, the record is lacking evidence to establish diversity of citizenship between plaintiffs Cathy Ray and Debbie Gonzalez and defendants Mary Alice Ray, Cindy P. Underwood, and Patty Porter Pretus.  The court will, however, give plaintiffs an opportunity to present evidence (such as sworn declarations or affidavits, sworn testimony, or official documents) <u>identifying separately</u> (and not as a group) for each plaintiff and for each defendant the State of which each is a citizen.

***

Accordingly, it is ORDERED that plaintiffs Cathy Ray and Debbie Gonzalez shall have until September 28, 2021, to submit evidence (such as sworn declarations or affidavits, sworn testimony, or official documents) indicating the States of which each of plaintiffs Cathy

6

Ray and Debbie Gonzalez is a "citizen" and the States of which each of defendants Mary Alice Ray, Cindy P. Underwood, and Patty Porter Pretus is a "citizen." Defendants Mary Alice Ray, Cindy P. Underwood, and Patty Porter Pretus are allowed until October 8, 2021, to submit evidence, if any, to the contrary.

DONE, this the 14th day of September, 2021.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**