IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| CATHY RAY and<br>DEBBIE GONZALEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:18cv828-MHT |
| | ) | (WO) |
| PATE'S CHAPEL BAPTIST<br>CHURCH AND CEMETERY, et<br>al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Pro se plaintiffs Cathy Ray and Debbie Gonzalez filed
this lawsuit asserting a variety of claims under state
and federal law stemming from their efforts to place a
headstone on their father's unmarked grave, a dispute
about the location of their father's grave, and the
defendants' involvement in placing a headstone for
plaintiffs' father without their permission. The
defendants are Pate's Chapel Baptist Church and Cemetery,
Mary Alice Ray, Cindy P. Underwood, and Patty Porter
Pretus. The United States Magistrate Judge entered a

recommendation that the court dismiss the case for failure to state a claim upon which relief can be granted or failure to comply with the Federal Rules of Civil Procedure and the court's orders, *see* Recommendation (Doc. 92); the court adopted the recommendation in part, dismissing the case for failure to state a claim. *See* Opinion and Judgment (Doc. 101 & Doc. 102). The plaintiffs then appealed.

The case is now back before this court on remand from the Eleventh Circuit Court of Appeals for "the limited purpose of determining the citizenship of the parties to establish whether diversity jurisdiction existed, given that the plaintiffs alleged only the state residences of the individual parties." Limited Remand Order (Doc. 109). The Eleventh Circuit further ordered that, if the court finds diversity jurisdiction is lacking, it should "inquire as to whether the plaintiffs invoked its federal-question jurisdiction." *Id*.

2

After receipt of the remand order, this court entered an order explaining the meaning of citizenship in the diversity-jurisdiction context and giving the plaintiffs an opportunity "to submit evidence (such as sworn declarations or affidavits, sworn testimony, or official documents) indicating the States of which each of plaintiffs Cathy Ray and Debbie Gonzalez is a 'citizen' and the States of which each of defendants Mary Alice Ray, Cindy P. Underwood, and Patty Porter Pretus is a 'citizen.'" Order (Doc. 110) at 6-7.  The plaintiffs submitted a number of documents in response.  Having considered the plaintiffs' response and examined the entire record, the court now finds that neither diversity jurisdiction nor federal-question jurisdiction exists.

## Diversity Jurisdiction

To invoke the court's diversity jurisdiction, a plaintiff must allege facts in the complaint showing that each plaintiff is a citizen of a State different from

3

that of each defendant.  *See*  28 U.S.C. § 1332(a); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).  An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State.  *Id. at* 1269.  "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction[,]  ...  [a]nd domicile requires both residence in a state and 'an intention to remain there indefinitely....'"  *Id*. (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)).

The plaintiffs' revised first amended complaint alleges that the plaintiffs reside in Florida and the individual defendants reside in Alabama.[1]  *See* Revised First Amended Complaint (Doc. 34) at 2, 7.  Because the

---

1.  The initial complaint (Doc. 1), which was filed on a form for pro se civil-rights litigants, did not include any jurisdictional allegations.  The amended complaint (Doc. 5) alleged that the plaintiffs were residents of Florida and named only one defendant, Pate's Chapel, which was alleged to be an Alabama corporation.

complaint provides only the States where the individual parties 'reside,' not where they are 'citizens,' it does not establish diversity jurisdiction.[2]   Though Pate's Chapel challenged the sufficiency of those allegations in a motion to dismiss, the plaintiffs did not file a motion to amend the complaint.   *See* Amended Motion to Dismiss (Doc. 43) at 11-12.

As the complaint is not sufficient to establish jurisdiction, the court gave the plaintiffs an opportunity to submit evidence of the citizenship of the parties.   In determining citizenship, courts should look to a number of factors, such as "current residence;

---

2.   In remanding the case, the Eleventh Circuit expressed concern about the citizenship of only the individual parties, not defendant Pate's Chapel, which, according to the operative complaint, is "an Alabama corporation operating in Chilton County, Alabama." Revised First Amended Complaint (Doc. 34) at 2.   The court notes that defendant Pates Chapel did not challenge the sufficiency of this jurisdictional allegation in its motion to dismiss, where it challenged the sufficiency of the allegations as to the other parties.   *See* Amended Motion to Dismiss (Doc. 43) at 11-12.

residence of family and dependents; place of employment and name of business; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in church, clubs, and business organizations; driver's license and automobile registration; and payment of tax." *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998) (Thompson, J.) (citations omitted). Courts can also consider an "individual's statements of intent" to stay indefinitely in a particular State. *Id*.

In response to the court's order, the plaintiffs filed copies of each of their own birth certificates and defendant Ray's, Underwood's, and Porter Pretus's marriage certificates. Unfortunately, these documents do not establish citizenship of the parties for purposes

6

of diversity jurisdiction.[3]   The plaintiffs' birth
certificates do not show that they were citizens of
Florida at any time during the litigation: the documents
show only that the plaintiffs were born in Alabama.   Nor
do the individual defendants' marriage certificates show
that they were citizens of Alabama (or some State(s)
other than the plaintiffs') when the litigation against

_____

3.   The plaintiffs apparently viewed these
submissions as "confirming U.S. citizenship." *See*
Response (Doc. 111) at 1.  However, the parties' American
citizenship does not answer the question now before the
court.  Instead, what the court needs to determine is of
which *States* the individual parties are citizens.  As the
court previously explained, "[i]n the context of
determining whether a federal district court has
diversity jurisdiction, the word 'citizenship' has a
special meaning.  It generally refers not to whether the
person is a citizen of a particular country, but instead
to whether the person is 'domiciled' in a particular
State." *See* Order (Doc. 110) at 2.  The court further
explained that to be domiciled in a State means to reside
in a State with the intention to remain there
indefinitely.   *See id*. at 2-3.

7

them commenced.[4]   The marriage certificates of the
individual defendants show that each of the defendants
was married in Alabama and was a resident of Alabama at
the time of marriage, but those marriages occurred in
2015, 1997, and 1974--years before this case was filed.
The fact that the defendants resided in and married in
Alabama years ago does not prove that they are citizens
of Alabama with regard to this case.

The court has reviewed the record for additional
evidence of where the parties were domiciled when the
litigation commenced.[5]   The court has no affidavits from

---

4.  "[D]iversity is determined when the suit is
instituted." *McDonald*, 13 F. Supp. 2d at 1280 (citing
*Smith v. Sperling*, 354 U.S. 91, 93 n. 1 (1957).  For the
individual defendants, this presumably would be when they
were added to the lawsuit.

5.  Admittedly, the record does reflect that the
plaintiffs' service addresses throughout this litigation
have been in Florida.  But even if this were to be
considered sufficient to establish residence--which the
court does not find--residence is not the same as
domicile or citizenship, as the Circuit has made clear.

the plaintiffs stating that at the beginning of or during

this litigation they resided in and intended to stay in

Florida indefinitely.  Nor have the plaintiffs presented

copies of their drivers' licenses, voter registration

forms, records of property ownership, or other evidence

of residence and intent to remain in Florida at the

relevant times.[6]  And even if the court were to find that

the plaintiffs are domiciled in Florida, the record does

not contain evidence sufficient to establish domicile as

to each of the individual defendants at the beginning of

_____

*See Travaglio v. Am. Exp. Co.*, 735 F.3d at 1268-69.

6. The court notes that, in response to defendant
Pates Chapel's motion to dismiss for lack of
subject-matter jurisdiction, the plaintiffs stated that
they and the individual defendants are citizens of the
States where they reside. *See* Response to Amended Motion
to Dismiss (Doc. 54) at 5.  "But a sentence in an unsworn
brief is not evidence.  ... [The Eleventh Circuit has]
never held that an unsworn statement in a brief, alone,
can demonstrate a party's citizenship for purposes of
establishing diversity jurisdiction."  *Travaglio*, 735
F.3d at 1269.

the litigation against them.  Accordingly, the court
finds that diversity jurisdiction does not exist.


### Federal-Question Jurisdiction

Turning to whether the plaintiffs have successfully
invoked federal-question jurisdiction, the answer is
plainly no.  The plaintiffs bring a number of putative
federal claims: one claim for infringement of their
rights under the Fifth and Fourteenth Amendment to the
United States Constitution against defendant Pate's
Chapel; another similar claim under the Fifth and
Fourteenth Amendment against the three individual
defendants; and a third claim for a conspiracy to violate
civil rights against defendant Pate's Chapel; and a
fourth also for a conspiracy to violate civil rights
against the individual defendants.  None of these claims
is sufficient to create federal-question jurisdiction
because they are all frivolous.

A claim that "is wholly insubstantial and frivolous" is insufficient to establish federal-question jurisdiction. *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). The test is an exacting one: "subject matter jurisdiction is lacking only if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id*. (quoting *Barnett v. Bailey,* 956 F.2d 1036, 1041 (11th Cir. 1992) (internal quotations and citation omitted)). "The test of federal jurisdiction ... is whether 'the cause of action alleged is so patently without merit as to justify ... the court's dismissal for want of jurisdiction.'" *McGinnis v. Ingram Equipment Co., Inc.,* 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc) (quoting *Dime Coal Co. v. Combs,* 796 F.2d 394, 396 (11th Cir. 1986)).

Here, the plaintiffs claim that defendant Pate's Chapel violated their Fifth and Fourteenth Amendment

rights by allowing the individual defendants to place a marker on the plaintiffs' father's grave without their permission. Relatedly, they claim that the individual defendants violated their Fifth and Fourteenth Amendment rights by placing a marker on the plaintiffs' father's grave without their permission. These claims simply do not raise constitutional issues. The Fifth and Fourteenth Amendments "do not apply to private parties unless those parties are engaged in activity deemed to be 'state action.'" *Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1024 (11th Cir. 1988) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974)); *see also id*. at 1025 ("The Fourteenth Amendment 'erects no shield against merely private conduct, however discriminatory or wrongful.'" (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). There is not even a hint of state action here. *See id.* ("[A] government 'normally can be held responsible for a private decision only when it has exercised coercive

power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the [government].") (quoting *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee,* 483 U.S. 522, 546 (1987) (additional citation omitted)). As the plaintiffs have sued non-State actors for purely private acts, their Fifth and Fourteenth Amendment claims are "wholly insubstantial and frivolous," and provide no basis for federal-question jurisdiction.[7] *Blue Cross & Blue Shield of Alabama*, 138 F.3d at 1352.

---

7. Although the plaintiffs did not mention 42 U.S.C. § 1983 in their complaint, the court assumes they bring their Fifth and Fourteenth Amendment claims through it. Section 1983 poses another insurmountable obstacle to their due-process claims as it requires proof of action under color of state law, which "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003) (internal quotation marks omitted) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

The plaintiffs' conspiracy claims are equally frivolous. The plaintiffs allege that the defendants conspired to place a marker on a gravesite for their father without their permission, and in order to injure the plaintiffs. They bring these claims pursuant to 18 U.S.C. § 241, a criminal statute that defines the offense of conspiring to "injure, oppress, threaten, or intimidate any person in any State ... in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same." This statute does not provide a civil cause of action; it provides for only criminal penalties. Even if the court were to liberally construe the plaintiffs' claim as brought under 42 U.S.C. § 1985(3), which creates a civil cause of action for civil-rights conspiracy, the claim would be baseless. "The elements of a cause of action under § 1985(3) are: (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person

14

or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002) (quoting *Childree v. UAP/GA AG CHEM, Inc.*, 92 F.3d 1140, 1146–47 (11th Cir. 1996)). Such a claim requires "proof of invidious discriminatory intent as well as the violation of a serious constitutional right protected not just from official, but also from private encroachment." *Id.* Neither of those requirements are at play in the plaintiffs' putative federal conspiracy claims. As the conspiracy claims are utterly frivolous, they provide no basis for federal-question jurisdiction.

\*\*\*

15

In sum, the court finds that the plaintiffs have not properly invoked either federal-question jurisdiction or diversity jurisdiction.

DONE, this the 18th day of November, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE